IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 3:08cr100TSL-LRA

ALEXANDER KIMBRELL JOHNSON

## AGREED PRELIMINARY ORDER OF FORFEITURE

PURSUANT to a separate Plea Agreement between **ALEXANDER KIMBRELL JOHNSON**, by and with the consent of his attorney, and the **UNITED STATES OF AMERICA** (hereinafter "the Government"), **ALEXANDER KIMBRELL JOHNSON** agrees that the following findings are correct, and further agrees with the adjudications made herein. Accordingly, the Court finds as follows:

1. The defendant is fully aware of the consequences of having agreed to forfeit to the Government his interests in and to the hereinafter described property, having been apprised of such by his attorney and by this Court; and he has freely and voluntarily, with knowledge of the consequences, entered into a Plea Agreement with the Government to forfeit such property.

2. The defendant agrees, the **One Bryco Arms pistol, Model Jennings Nine, 9mm, serial number 1556668**, constitutes or was derived from proceeds that the defendant obtained, directly or indirectly, as a result of the offenses charged in Count One of the Indictment and/or was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses charged in Count One of the Indictment and/or was involved in the offenses charged in Count One of the Indictment. Such property is, therefore, subject to forfeiture pursuant to Title 18, United States Code, Section 924(d)(1).

3. The defendant has been apprised that Rule 32.3 of the Federal Rules of Criminal Procedure,

and Title 18, United States Code, Section 982 require the Court to order the forfeiture of the defendant property at, and as a part of, the sentencing proceeding. The defendant does hereby waive such requirement and the requirement that the forfeiture be made a part of the sentence as ordered by the Court in the document entitled, "Judgment in a Criminal Case." The defendant and his attorney further authorize the Court to enter this order immediately, and agree that the forfeiture ordered hereunder will be a part of the sentence of the Court whether ordered at that proceeding or not and whether or not attached as a part of the said Judgment in the Criminal Case.

4. Further, relative to the forfeiture herein, the Defendant agrees as follows:

 a. to fully assist the government in the recovery and return to the United States of any assets, property, or portions thereof, as described above, and to make an immediate, truthful, and complete disclosure to the appropriate federal agent of all assets and property, real and personal, over which Defendant exercises dominion and control, including property in a nominee name or otherwise secreted, together with a proper description thereof;

 b. to take all steps necessary to locate property and to pass title to the United States before the Defendant's sentencing;

 c. to take the necessary actions as deemed necessary by the United States Attorney to substantiate the truthfulness of any of Defendant's disclosures;

 d. Defendant does hereby, forfeit, release, and/or transfer all interests, if any, in the property described above and to take all steps deemed necessary by the United States Attorney to insure that clear title, ownership, and possession vests in the United States of America, including, but are not limited to, the signing of all

instruments necessary to pass title, the approval and signing of any stipulation for judgment or consent decree of forfeiture, and of any other documents necessary to effectuate such transfers and vest clear title in the Government;

e. not to oppose any forfeiture action, whether administrative or judicial, civil or criminal, that arises, has arisen, or may arise, from this matter; that it shall not be necessary for the government to serve the Defendant with summons, complaint, notice of forfeiture, or any documents in any such newly commenced or pending forfeiture action, civil or criminal; and if an administrative or judicial forfeiture action is pending, to immediately, and he does hereby, withdraw any opposition thereto; does agree that a default or final judgment of forfeiture may be taken without further notice to him or to his attorney; and he shall otherwise forfeit, transfer, and/or release the subject property as the United States Attorney may direct;

f. that the Defendant has/had an interest in the above-described property; and such property constitutes, or was proceeds the Defendant obtained, directly or indirectly, as a result of the violation charged in the Indictment and/or it is property that the Defendant used to commit, or to facilitate the commission of the offense charged in the Indictment, and that neither this criminal action nor this plea agreement shall prevent a coincident or subsequent civil or criminal forfeiture action arising or that may arise from this matter; and the Government reserves the right to proceed against any remaining assets not identified either in this agreement or in any civil actions that are resolved along with this plea of guilty, including any property in which the Defendant has any interest or control,

    if said assets, real or personal, tangible or intangible, constitute or are derived from the proceeds of any of the violations contained in Title 18, United States Code or if said assets facilitated such violations; and

g.    that the United States is not limited to forfeiture of the property described above. In any pending or future criminal forfeiture action, if the United States determines that property of the Defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the Defendant up to the value of any property described above. This Court shall retain jurisdiction to settle any disputes arising from application of this cause. The Defendant agrees that forfeiture of substitute assets as authorized herein and pursuant to 21 U.S.C. § 853(p) shall not be deemed an alteration of the Defendant's sentence and that forfeiture of the above assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the Defendant in addition to forfeiture. The defendant further agrees that the United States may proceed against any remaining assets not identified in, or that are subject to the terms of, this agreement.

IT IS, THEREFORE, ORDERED AND ADJUDGED AS FOLLOWS:

a.    That the defendant shall forfeit to the United States,

**One Bryco Arms pistol, Model Jennings Nine, 9mm, serial number 1556668**

b. The Court has determined, based on defendant's plea agreement, that the following property is subject to forfeiture pursuant to Title 18, United States Code, Section 924(d)(1), that the defendant had an interest in such property[1] and that the government has established the requisite nexus between such property and such offenses:

**One Bryco Arms pistol, Model Jennings Nine, 9mm, serial number 1556668**

c. The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

d. Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 18 U.S.C. § 982(b)(1).

e. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture

---

[1] Rule 32.2(b) provides that the court must defer determining whether or not the defendant has an interest in the forfeited party until the ancillary proceeding when third parties are entitled to contest the forfeiture on the ground that the property belongs to them, and not to the defendant. However, if no third party files a claim, the court must make a determination that the defendant (or some combination of defendants) has an interest in the property before the preliminary order of forfeiture becomes final. *See* Rule 32.2(c)(2). In some situations, it may be advisable to foreclose the separate determination of interest under Rule 32.2 by having the court make that determination "up front" upon entering the preliminary order of forfeiture. In other situations, *e.g.,* where the defendant is planning to object to the order of forfeiture on the ground that the property belongs to a third party, it may be better to take advantage of Rule 32.2(b) and postpone the determination of interest until the ancillary proceeding.

shall become final as to the defendant at the time of sentencing [or before sentencing if the defendant consents] and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

    f.    Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

    g.    After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

    h.    The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 18 U.S.C. § 982(b) for the filing of third party petitions.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

The Clerk of the Court shall forward four certified copies of this order to the U.S. Attorney's Office, 188 E. Capitol Street, Suite 500, Jackson, MS 39201.

SO ORDERED AND ADJUDGED this 6th day of March, 2009.

                /s/Tom S. Lee
                UNITED STATES DISTRICT JUDGE

APPROVED:

/s/Erin O. Chalk
Erin O. Chalk, Assistant U.S. Attorney


/s/Alexander Kimbrell Johnson
Alexander Kimbrell Johnson, Defendant


/s/Kathy Nester (on behalf of Omodare Jupiter)
Omodare Jupiter, Esquire
Alexander Kimbrell Johnson